## Southern Ry. in Ky. v. Winchester's Admx.

(Decided March 18, 1911.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

Appeals—Second Trial—Former Law Governs.—On the second trial of a case the evidence being the same as on the first trial the former opinion is the law of the case, that question being no longer an open one in the second appeal.

EDWARD P. HUMPHREY and HUMPHREY & HUMPHREY for appellant.

DAVID BAIRD, CHAS. H. SHIELD and KOHN, BAIRD, SLOSS & KOHN for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

This is the second appeal of this case (127 Ky., 144.) The grounds urged for reversal on this appeal are: (1) that the verdict is not sustained by sufficient evidence; and (2) that the trial court erred in permitting plaintiff's counsel to make improper argument to the jury.

The evidence on the last trial was the same as in the first, barring the part excluded by the opinion on the

former appeal. One of the questions raised on the former appeal was whether the evidence was sufficient to sustain the verdict. It was held that it was. The evidence being the same on the second trial, that question is no longer an open one in this case. The former opinion is the law of the case.

The argument which is complained of was a statement of plaintiff's counsel to the effect that there was now no income from the decedent for his widow; that "there was no income coming into the little cottage on Hemlock street." It is contended this was equivalent to a statement that the widow of the decedent was penniless, or that her needy condition should be considered by the jury in making the verdict. It does not seem to have had that effect. On a former trial the verdict was for $5,000. On this trial it was for $4,000. The evidence which was excluded by the former opinion had no bearing on the amount of the verdict. If the matter objected to in this argument had any effect it would have been solely upon the compensation to be fixed by the jury. The verdict is a moderate one, clearly indicating that the jury was not influenced by the argument alluded to. A larger verdict, in the absence of such allusion, might well have stood. The matter under consideration appears immaterial on its face, and besides is shown by the record to have been not prejudicial.

Judgment affirmed.